# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI,

## THIRD JUDICIAL DISTRICT, JUNE TERM, 1835.

### JOSHUA H. BURCKHART v. JAMES D. WATKINS.

1. Action by summons and petition on promissory note—plea non assumpsit—Held, that such plea is good, without affidavit: and is proper in this case, therefore erroneous to treat it as a nullity.
2. Plea of former recovery in another court—replication nul tiel Record, concluding with an averment and prayer of debt & damages—no rejoinder filed; and judgment by default for the sum demanded—Held that the judgment by default was properly taken.

APPEAL from the circuit court of Pulaski county.

The opinion of the court delivered by TOMPKINS, J.

Watkins commenced his action by summons and petition against Burckhart and had judgment in the circuit court; to reverse that judgment Burckhart prosecutes his appeal. In the circuit court Burckhart pleaded: 1st, Non assumpsit. 2nd. A former recovery. The first plea was treated as a nullity; to the second, the plaintiff replied that there was no record of such recovery, and the defendant failing to rejoin, judgment was entered up against him for the sum demanded, the action being on a promissory note. This cause not being argued by the defendant in error we know not on what ground he moved to have the plea of non assumpsit treated as a nullity. In the case of Carroll v. Corn, decided by this court, see 1 vol. of Mo. decisions page 161, the action was assumpsit founded on a promissory note, plea non assumpsit and demurrer, the point relied on to reverse the judgment in that case was that the circuit court erred in sustaining the demurrer. It was decided by the court that the statute requiring that the execution of a writing declared on shall not be denied except by plea supported by affidavit manifestly contemplated a special plea in terms denying the execution of the writing, and the judgment of the circuit court sustaining the demurrer was reversed. It may be mentioned as a part of the history

Action by summons and petition on promissory note—plea non assumpsit—Held, that such plea is good, without affidavit: and is proper in this case, therefore erroneous to treat it as a nullity.

10

of this case that it was taken up on another point and that the demurrer to this plea was filed in order to have the law settled, and that since that time it has been considered as settled that the plea of non assumpsit to a declaration in an action of assumpsit founded on a promissory note was a good plea. This is an action commenced by summons and petition founded on a promissory note on which an action of assumpsit might have well been commenced, and had it been so commenced there is no reason why the plea of non assumpsit should not have been filed. In the case of Fenton v. Williams (see 3rd vol. Mo. decisions p. 228) this court says "The act of the legislature authorises the plaintiff to sue by this proceeding for a debt technically so called: also for any thing, which must otherwise be sued for in case or assumpsit." If the thing to be sued for be in debt, we see no reason why the writ should not be in debt. If the injury lie in assumpsit there can be no reason why the writ should not be in assumpsit. In that case the court concludes that the form of writ best adapted to the nature of the complaint might well be used. As before observed an action of assumpsit might well have been brought on the promissory note here sued on by summons and petition; according then to the rule laid down with regard to writs by this court in the case of Fenton v. Williams the defendant might well plead non assumpsit, it being at least as well adapted to the nature of the complaint against him as any other plea. We are therefore of opinion that the circuit court erred in rejecting the plea of non assumpsit. The plaintiff in error contends that it was not necessary he should rejoin to the replication to his second plea. The rule according to Chitty (see vol. 1 p. 519 and 520) is that where the defendant has pleaded the record of another court and the replication of nul tiel record concludes with an averment and a prayer of debt and damages, there should be a rejoinder re-asserting the existence of the record. Here a record of another court was pleaded, and the replication concluded with a prayer of the debt and damages. There was then, we think, no error in the decision of the circuit court in giving judgment against the defendant on the second plea. But for the error committed by the circuit court in treating the defendant's first plea as a nullity its judgment is reversed.